Proprietors of Fryeburg Canal *v.* Frye.

*The proprietors of* FRYEBURG CANAL, *plaintiffs in error,* vs. FRYE, *original plaintiff.*

Though the power of referees, appointed under *Stat.* 1821. *ch.* 78, does not extend to cases in which the title to real estate comes in question, yet a claim of damages occasioned by the making of a canal, not being of that character, is within the scope of their authority.

A proprietors' committee having in their behalf entered into a submission of demands to referees, under the statute, representing themselves as duly authorised so to do, and the proprietors having been heard upon the merits before the referees, making no objection to the submission;—upon error brought by them to reverse a judgment rendered upon the award, the Court presumed that the committee had due authority, though the want of it was assigned for error.

The statutes relating to the *Fryeburg* canal are private statutes.

The remedy by complaint, given in the statutes relating to the *Fryeburg* canal is cumulative, not precluding a resort to the process of the common law, nor to the statute-remedy by arbitration.

ERROR to reverse a judgment of the Court of Common Pleas, rendered upon a report of referees, made under a statute-submission. The plaintiffs in error, having been incorporated with power to divert the course of Saco river by cutting a canal across one of its bends, at one of their meetings holden *Dec.* 30, 1825, chose a committee " to settle, in behalf of said proprietors, with claimants for damages or loss of land, by reference or otherwise." On the same day the defendant in error made and signed his demand in writing against the proprietors, pursuant to the statute, claiming of them a thousand dollars for the injury and damage he had sustained in his lands in consequence of their opening and managing the canal. The proprietors also at the same time, by their committee, in like manner made and signed a demand against him, of a thousand dollars for the benefit he had derived by turning the river into a new channel. These demands were annexed to a rule drawn, signed and acknowledged before a magistrate according to the statute, by which the demand of the defendant in error, and all other demands between the parties, were submitted to the decision of referees therein named. The referees,

Proprietors of Fryeburg Canal *v.* Frye.

after hearing the parties, awarded four hundred dollars to the defendant in error; which report, being returned to the Court of Common Pleas, and recommitted on motion of the proprietors, was finally accepted, and judgment rendered thereon.

Upon the record of this judgment, which exhibited only the foregoing vote, demands, submission, and award, and the ulterior proceedings in court, the proprietors filed the following errors :—*First,* that the parties had no power by law to submit any demand to referees ;—*Second,* that they had no authority to submit to arbitration the demand of the proprietors against *Frye ;—Third,* that the committee had no power to make a demand for the proprietors, nor to enter into any submission to referees ;—*Fourth,* that the proprietors had no authority to submit *Frye's* demand to referees ;—*Fifth,* that it did not appear that *Frye* commenced against the proprietors a complaint or process in the Court of Common Pleas, nor in this Court, at any time after ninety days nor within two years from the time of filing a demand for his damages with the clerk of the proprietors ;— *Sixth,* that judgment was rendered upon the report ; whereas by law it ought to have been rejected, and judgment given for the proprietors for their costs ;—*Seventh,* that the submission was not only of the demands annexed, but of all other demands, which the committee had no sufficient authority to submit ;—*Eighth,* that it did not appear that *Frye* had at any time filed his claim of damage with the clerk of the proprietors. The defendant pleaded *in nullo est erratum.*

At the opening of the record, *Greenleaf* and *Chase,* for the defendant in error, moved that the writ might be quashed, on the ground that it did not lie in the present case, where the proceedings were not according to the course of the common law. And they urged a distinction between this case and other judgments upon reports of referees, which had been reversed by writ of error, in that the subject matter of this was never cognizable at common law.

But THE COURT did not admit the distinction, and refused the motion; considering the question as virtually settled by the previous decisions.

*N. Emery* and *Fessenden* for the plaintiffs in error, relied chiefly on the point that the committee of the proprietors had exceeded

their power, in submitting to referees more than was contained in their vote. They were authorised to settle by arbitration any claims of individuals against the proprietors for damages for loss of land, and nothing more. But they have assumed to go beyond this, and submit not only the demand of the defendant in error against them, but theirs against him, and all other demands.

They further argued that the demand itself was not cognizable by referees, under the statute, because it involved the title to real estate. *Fowler v. Bigelow* 8. *Mass.* 1. 1. *Dane's abr. ch.* 13. *art.* 4. *sec.* 3.

But if it were, yet the corporation has no authority to enter into any arbitration. Its powers and liabilities depend wholly on the statutes respecting the canal; and these have provided a particular mode, by demand filed with their clerk, and a complaint prosecuted after ninety days and within two years, from the time of such filing, in which all demands for damages, like those in the present case, are to be enforced. The minority are not bound by any other mode. And these statutes are public in their character, like those incorporating towns, &c. as they relate to a river which has obtained the character of a public river. *Commonwealth v. Springfield* 7. *Mass.* 9.

And here was no demand filed with the clerk. This should appear in the case, it being in the nature of a condition precedent.

Lastly, they contended that the demand was lost by not having been prosecuted within two years, which they said was a peremptory bar, by the terms of the statutes relating to this canal.

*Greenleaf* and *Chase*, on the other side, denied the right of the proprietors to assign that for error which was beneficial to themselves; and such was their claim for the benefit derived by *Frye* from the canal, which they had no other mode of enforcing. *Shirley v. Lunenburgh* 11. *Mass.* 379. *Whiting v. Cochran* 9. *Mass.* 532.

As to the authority of the committee to submit all demands, at this stage of the proceedings it is to be presumed. If not, the want of it is cured, it appearing from the record that the proprietors did attend and enforce " all demands " before the referees. Nor is this;

Proprietors of Fryeburg Canal *v.* Frye.

a demand involving the title to real estate, so as to draw after it an award upon the title. The claim is purely for damages.

As to the statutes respecting the canal, they contended that they were private acts, of which the court could not judicially take notice, as they did not appear of record ; and therefore the objections founded upon the particular provisions of those acts could not be supported.

WESTON J. delivered the opinion of the Court, at the ensuing term in *Kennebec.*

It is objected that the subject matter in dispute between these parties, affecting the title to real estate, could not be adjudicated upon by referees, appointed under a submission before a justice. If the title to real estate is necessarily involved in this controversy, upon the authority of *Fowler v. Bigelow,* cited in the argument, this error is well assigned. But it does not appear to us,t hat the title to real estate is affected by the submission. The right of the plaintiffs in error, however derived, to make their canal across the defendant's land, is not disputed. He sought not to reclaim his land from their operations, nor does he pretend that he has a right so to do ; but it being assumed that his land is gone, or rendered useless to him, by being covered by the waters of the canal, he claims damages for this injury. That the defendant also was the general owner of the land thus taken, is not denied or drawn in controversy. If the parties had, in the mode adopted, submitted the right of the plaintiffs in error to make the canal, or whether the defendant was or was not the owner of the land, for an injury to which he claimed damages, the question in dispute would be of a different character. The power of a justice of the peace in civil actions does not extend to cases, in which the title to real estate comes in question ; yet it is every day's practice, to bring before a justice, actions of trespass *quare clausum fregit ;* and where the defendant does not dispute the title of the plaintiff to the *locus in quo,* the justice may lawfully adjudicate between the parties. The dispute between these parties is of the

6

Proprietors of Fryeburg Canal *v.* Frye.

same character in principle ; it is a mere question of damages, and not of title.

It is further assigned for error, that in and by the record it appears that the committee, assuming to act in behalf of the plaintiffs in error, were not authorized thereto. There is, among the copies certified, a paper accompanying the submission, purporting to be a copy of a vote of the proprietors of the Fryeburg canal, under the signature of their clerk, by which it appears that the persons, who entered into the submission in their behalf, were appointed a committee to settle with claimants for damages or loss of lands, by reference or otherwise. This authority it is contended is insufficient ; but admitting it to be so, we do not know that there may not have been other votes, prior to the submission or subsequent, by which it would appear that the committee were clothed with competent power. The committee, in entering into the submission, declare themselves duly and legally authorized for that purpose ; but they refer to no vote of the corporation, as evidence of their agency ; nor is it any where stated that they acted in virtue of the vote certified ; much less that this was their only authority. The justice, in his certificate of the acknowledgment of the parties to the submission before him, represents the committee in behalf of the plaintiffs in error, to have been duly authorized. It cannot therefore with propriety be averred, that it is apparent from the record, that the committee were not duly and legally empowered to bind the corporation. It appears that the plaintiff in error attended before the referees prior to their first award, and that their proofs and allegations were received ; that they procured a recommitment, and were again heard by the referees ; and it does not appear in any stage of the proceedings, prior to the acceptance of the report, that they disclaimed the authority of the committee who entered into the submission. It is certainly inequitable, after they had thus recognized the authority of the referees, and taken the chance of a decision in their favor, that they should now deny all obligation on their part to abide their award. If the want of authority in the committee had been formally assigned as an error in fact, it might well be doubted whether, under these circumstances, all objec-

Proprietors of Fryeburg Canal *v.* Frye.

tions of this sort are not to be regarded as waived.   But the assign-
ment is, that the committee of the proprietors " had no power or au-
thority to make said demand for, or enter into any submission con-
cerning, the subject matter of said demand, as in and by said record
and process appears."   Now, as has been before stated, it does
not appear by the record, that the committee were not authorized.

Another error assigned, and upon which much reliance has been
placed, is, that the defendant did not pursue the remedy pointed out
by the statute creating this corporation, and the several acts in addition
thereto.   These acts not having been pleaded, or in any manner
made a part of the record, or referred to therein, a question arises
whether judicial notice ought to be taken of them.   The counsel for
the plaintiffs in error, insist that they are public statutes ; principally
upon the ground that the *Saco* is, at *Fryeburg,* a public river. It may
have become such by long usage ; but as this fact does not appear,
and the canal being above where the tide ebbs and flows, according
to the case of *Berry v. Carle,* 3 *Greenl.* 269, we cannot regard it as
a public river of common right.   These statutes seem therefore to
belong to the class denominated special or private ; and as such re-
quiring to be pleaded or set forth.   But if we look into these statutes,
they do not sustain the error assigned.   The claim of the defendant
in error for damages was not in the nature of a new right given by
statute, and in which a special remedy is provided, which in such
case could alone be pursued.   If these statutes had been silent on
the question of damages, the common law would have afforded a
sufficient and adequate remedy.   In the special one provided, there
are no words of exclusion ; the language is not imperative but option-
al, and ought perhaps rather to be deemed cumulative than exclusive.
But if not intended to be cumulative, it was a provision manifestly
introduced for the benefit of both the parties ; and if they both
agreed to waive it, and to resort to a course, and to a tribunal, open
to all the citizens, we are not aware that it was not competent for
them so to do.   The corporation were invested with the capacity to
sue and to be sued ; and if all concerned were disposed to enter into
a submission before a justice, which in ordinary cases would be

Proprietors of Fryeburg Canal *v.* Frye.

binding, we perceive no sufficient reason why the parties should not be bound by the award.

It being the opinion of the court that there is no error in the record before us, the judgment of the Common Pleas is affirmed, with costs for the defendant in error.